UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROGER WARD,

        Plaintiff,     :     Case No. 2:23-cv-1993

  v.                                 Judge Sarah D. Morrison
                                       Magistrate Judge Jolson

KERRY ROSS, *et al.*,

                                      :

        Defendants.

**OPINION AND ORDER**

Roger Ward, proceeding *pro se*, filed this case against Kerry Ross, Brett Hinsch, Randy Dupree, Jordan Waddelle,[1] Mark Musick, the City of Jackson, and the State of Ohio. His claims are against the individuals in both their individual and official capacities. In addition to a state-law claim for malicious prosecution, Mr. Ward claims that the Defendants, individually and collectively, deprived him of his constitutional rights.

This matter is before the Court on multiple motions, including several motions to dismiss, which the Court addresses below in the order in which they were filed. The Court also addresses Plaintiff's Motion for Injunctive Relief, his Supplemental Pleading, and his Motion for Partial Summary Judgment.

---

[1] Both Officer Waddelle's counsel and Mr. Ward spell his name two different ways throughout their filings – "Waddelle" and "Waddell." The Court adopts the spelling used in both the caption of the Complaint and the caption of the Officer's Motion to Dismiss – "Waddelle."

1

I.   ALLEGATIONS IN THE COMPLAINT

On January 2, 2023, Mr. Ward was subjected to a traffic stop. Kerry Ross, a police officer with the City of Jackson, Ohio issued several traffic tickets to Mr. Ward and accused him of obstruction for failing to identify himself. Officer Ross and Brett Hinsch (the Chief of Police for Jackson) then conducted a search, impoundment, and seizure of Mr. Ward's property. Mr. Ward alleges that Officer Ross falsified his police report concerning the traffic stop; he also alleges that Ross signed a summons and set a bond for Mr. Ward.

A few days later, Mr. Ward appeared in the Jackson County, Ohio Municipal Court where the Honorable Mark Musick presides. Mr. Ward claims that Judge Musick denied him the right to understand the nature and charges against him and that the Judge entered a not guilty plea on Mr. Ward's behalf without his consent. Judge Musick set a $1,000 Own Recognizance bond for Mr. Ward, even though Ward was already out on the bond set by Officer Ross.

When Mr. Ward went to the Jackson Police Department to pay the tow and impound fee so that he could get his property back, Chief Hinsch would not let him retrieve his property.

Randy Dupree and Jordan Waddelle are prosecutors in Jackson County, and they were responsible for Mr. Ward's prosecution. All charges against Mr. Ward were dismissed on June 2, 2023.

Mr. Ward also alleges that the City of Jackson has a "traffic ticket scheme" whereby police officers are incentivized to issue a high volume of traffic tickets,

"encouraging a culture of rights infringement and misuse of power." (Compl. ¶ 27, ECF No. 1.) Similarly, he claims that the Municipal Court's rules and procedures favor the state.

Mr. Ward filed this action as a result of the actions of the defendants. He asserts the following claims:

1. Violation of his Fourth Amendment Rights against all Defendants except Musick;

2. Violation of his Fifth Amendment Rights against all Defendants except Musick;

3. Violation of his Sixth Amendment Rights against all Defendants;

4. Violation of his Fourteenth Amendment Rights against all Defendants; and,

5. Malicious Prosecution against all Defendants.

## II. THE PENDING MOTIONS TO DISMISS

### A. Standard of Review

The pending Motions to Dismiss seek dismissal under Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

#### 1. Dismissal under Fed.R. Civ.P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1)

3

"questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotation marks omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction, in which case no presumptive truthfulness applies to the factual allegations. *Ritchie*, 15 F.3d at 598. In the context of a factual attack, a reviewing court may weigh the evidence in order to satisfy itself as to the existence of its power to hear the case. *Id.*

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### 2. Dismissal under Fed.R. Civ.P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's

4

allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015); *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv*, at 476. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Every plaintiff, regardless of whether they have counsel, "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the

5

asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### B. Analysis

#### 1. Mark T. Musick's Motion to Dismiss[2]

Judge Musick seeks dismissal pursuant to the *Rooker-Feldman* doctrine. (ECF No. 7.) A motion to dismiss for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* is a facial attack of a court's subject matter jurisdiction because the doctrine limits a district court's jurisdiction over cases and controversies. *See Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 936–37 (6th Cir. 2002); *King v. CitiMortgage, Inc.*, No. 2:10-CV-01044, 2011 WL 2970915, at *5 (S.D. Ohio July 20, 2011)(Graham, J.). The *Rooker-Feldman* doctrine originates from two Supreme Court decisions: *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In each case, the Court found that the lower federal courts lacked subject matter jurisdiction over the controversies because, pursuant to 28 U.S.C. § 1257, the Supreme Court alone has appellate jurisdiction over state court decisions. *Rooker*, 263 U.S. at 414–15; *Feldman*, 460 U.S. at 478–79.

The Supreme Court revisited the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). In *Exxon*, the Supreme

---

[2] Judge Musick also filed a Motion to Strike Mr. Ward's Sur-reply. (ECF No. 29.) Because this Court's rules do not allow the filing of sur-replies without leave of Court, the Motion is **GRANTED** and ECF No. 28 is hereby **STRICKEN**.

6

Court stated that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. After the *Exxon* decision, the Sixth Circuit has narrowly construed *Rooker-Feldman. See Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006).

To determine if the *Rooker-Feldman* doctrine applies to a case, the Sixth Circuit has adopted the "source of the injury" test. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2007). The court must determine whether the "source of the injury is the state court decision," if so, "then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Id.* The Sixth Circuit emphasized that "the pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Kovacic v. Cuyahoga Cty. Dep't of Child. & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (quoting *McCormick*, 451 F.3d at 393–95). Thus, "if the plaintiff has a claim that is in any way independent of the state-court judgment, the *Rooker-Feldman* doctrine will not bar a federal court from exercising jurisdiction." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (footnote omitted).

Thus, to the extent the defendant seek dismissal under *Rooker-Feldman*, the Court must determine whether Mr. Ward seeks relief from the state court judgment itself or if there is any independent source of injury for which he is seeking relief.

7

Here, the claims against Judge Musick are premised on Mr. Ward's contentions that Judge Musick erred in the handling Mr. Ward's state-court criminal proceedings. The sources of Mr. Ward's alleged injuries are Judge Musick's rulings and actions. Thus, Mr. Ward is essentially asking this Court to conduct an appellate review of Judge Musick's conduct in state-court proceedings, which this Court does not have jurisdiction to do under *Rooker-Feldman*. Because the claims against Judge Musick fall within the confines of the *Rooker-Feldman* doctrine, they must be **DISMISSED**. Judge Musick's Motion to Dismiss is **GRANTED**.

### 2. Randy Dupree and Jordan Waddelle's Motion to Dismiss

Defendants Dupree and Waddelle move to dismiss on two grounds – first that this Court should abstain from interfering with state court proceedings, and second that they are entitled to prosecutorial immunity. (ECF No. 9.)

**A. Abstention**

Dupree and Waddelle first argue that this Court should apply *Younger* abstention and abstain from hearing Mr. Ward's claims because he has "already filed the same claims against the same defendants in the Jackson County, Ohio Court of Common Pleas." (*Id.*, PAGEID # 117).

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41, (1971)). As the Sixth Circuit explained: "*Younger* abstention derives from a desire to prevent federal courts from interfering with the

8

functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44).

The Supreme Court extended *Younger* to civil enforcement actions "akin to a criminal prosecution," *Huffman v. Pursue, Ltd.*, 420 U.S. 592–93, 604 (1975), and to suits challenging "the core of the administration of a State's judicial system." *Juidice v. Vail*, 430 U.S. 327, 335 (1977). *Younger* abstention is limited to "three exceptional categories" of cases: (1) "parallel, pending state criminal proceeding[s]"; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013); *see also O'Shea v. Littleton*, 414 U.S. 488, 500 (1974); *Rizzo v. Goode*, 423 U.S. 362, 380 (1976).

Here, Dupree and Waddelle fail to assert which *Younger* abstention category they believe applies. This case does not involve pending state criminal proceedings or state civil proceedings akin to criminal prosecutions. As for the third category, Defendants have not identified any "orders" or "judgments" that are at issue in the pending civil case filed by Mr. Ward in state court. Instead, Defendants devote considerable attention to the Supreme Court's decision in *Middlesex Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 433-34 (1982), asserting that it holds that *Younger* abstention is required whenever three conditions are met: (1) there are ongoing state judicial proceedings; (2) those proceedings implicate important state interests; and (3) the state proceedings offer an adequate opportunity to raise

9

constitutional challenges. But as the Supreme Court clarified in *Sprint*, the three *Middlesex* conditions are not dispositive; rather, they were "*additional* factors appropriately considered by the federal court before invoking *Younger*." *Sprint*, 571 U.S. at 81 (emphasis in original). Only *after* a federal court determines whether one of the three "exceptional categories" above is present should the court evaluate the *Middlesex* factors. *See id.*; *see also Doe*, 860 F.3d at 369. Because this case does not present any "exceptional" *Younger* categories, *Younger* abstention does not apply.

### B. Immunity

The defense of immunity presents a legal question which can be raised by a motion to dismiss under Rule 12(b)(6). *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 648 (6th Cir. 2014). Prosecutors are absolutely immune from liability for their actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (internal quotations omitted). Immunity may not apply if the prosecutor does not act as an officer of the court. *Id.* at 342. However, prosecutors have absolute immunity from suits for malicious prosecution and for other actions, including appearances at court proceedings and grand jury hearings and the evaluation and presentation of evidence at pretrial and trial proceedings. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2020). "[T]he critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (internal quotations omitted); *see also Red Zone 12 LLC v. City of Columbus*, 758 Fed. App'x. 508, 513

10

(6th Cir. 2019) ("The functional approach asks whether the conduct 'was undertaken in connection with one's duties in functioning as a prosecutor.'") (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)).

"Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding." *Grant v. Holenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal quotations omitted). Prosecutorial immunity is not even defeated when a prosecutor makes "false or defamatory statements in judicial proceedings (at least so long as the statements were related to the proceeding), [or] ... elicit[s] false and defamatory testimony from witnesses." *Burns v. Reed*, 500 U.S. 478, 489–90 (1991).

Mr. Ward does not allege that Dupree or Waddelle were acting outside of their prosecutorial duties. Rather, his only factual allegations against these two defendants are as follows:

> 31. Despite video evidence demonstrating the baseless nature of the charges against Plaintiff, Defendants Waddelle and Dupree continued to prosecute the case.
> 32. The actions of Defendant Dupree suggest a malicious intent to retaliate against Plaintiff for his involvement in a separate case concerning his family property in Gallia County, Ohio.

(Compl., ECF No. 1.) These allegations are "intimately associated with the judicial phase of the criminal process." *Van de Kamp*, 555 U.S. at 341. Absolute prosecutorial immunity therefore applies.

11

Accordingly, the claims against Dupree and Waddelle are **DISMISSED** for failure to state a claim upon which relief can be granted. Their Motion is **GRANTED**.

### 3. Kerry Ross, Brett Hinsch, and the City of Jackson's Motion to Dismiss[3]

Defendants Ross, Hinsch, and the City of Jackson move to dismiss under the *Younger* abstention doctrine. (ECF No. 10.) However, like Dupree and Waddelle, these moving defendants also improperly rely on the *Middlesex* factors; they fail to identify which *Younger* abstention category applies and have identified no "orders" or "judgments" that are at issue in the pending civil case filed by Mr. Ward. The Motion to Dismiss is **DENIED**.

## III. PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Mr. Ward's Motion for Injunctive Relief asks this Court to order the City Police Department, Dupree, and Hinsch to immediately release Mr. Ward's property. (ECF No. 14, 17.) In so moving, Mr. Ward seeks to have this Court enforce a court order issued by Judge David B. Tyack in the Jackson County Municipal Court.

This Court lacks authority to enforce the order of another court, so Mr. Ward's Motion is **DENIED**.

## IV. PLAINTIFF'S SUPPLEMENTAL PLEADING

---

[3] These Defendants also filed an Answer to the Complaint (ECF No. 9), so their Motion is, effectively, a Motion for Judgment on the Pleadings pursuant to Fed.R. Civ.P. 12(c). *See Tackett v. Ohio Dep't of Rehab. & Correction*, No. 2:10-CV-979, 2011 WL 5076401, at *2 (S.D. Ohio Oct. 25, 2011)(Frost, J.).

12

On August 21, 2023, Mr. Ward filed a document that he captioned "Supplemental Pleading Adding Robert P. Ruehlman to the Case for Conspiracy Against Rights Under Color of Law, Retaliation, and Constitutional Violations." (ECF No. 30.) Although Mr. Ward cites Fed.R. Civ.P. 15(d) in his so-called supplemental pleading, the filing does not comply with either the Federal Rules of Civil Procedure or this Court's Local Rules. *See Jones v. Graley*, No. CIV.A. 2:05-CV-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006)(Smith, J.) (although federal courts have treated *pro se* litigants more leniently, they "are still expected to comply with the procedural rules of the court"). Accordingly, ECF No. 30 is hereby **STRICKEN**.

## V. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Finally, Mr. Ward filed a Motion for Partial Summary Judgment addressing his Fifth Amendment claims against the City of Jackson. (ECF No. 40.) After he filed his Motion, the Court put on an Order instructing Defendants that they should not respond to the Motion until ordered to do so.

The Court has reviewed Mr. Ward's Motion and determines that it is premature. Accordingly, the Motion is **DENIED without prejudice to re-filing**.

## VI. CONCLUSION

As set forth above, the Court rules as follows:

Judge Musick's Motion to Strike Mr. Ward's Sur-reply (ECF No. 29) is **GRANTED**. ECF No. 28 is **STRICKEN**.

Judge Musick's Motion to Dismiss (ECF No. 7) and Randy Dupree and Jordan Waddelle's Motion to Dismiss (ECF No. 9) are **GRANTED**.

13

Kerry Ross, Brett Hinsch, and the City of Jackson's Motion to Dismiss (ECF No. 10) is **DENIED**.

Plaintiff's Motion for Injunctive Relief (ECF No. 14 and 17) is **DENIED,** and his Supplemental Pleading (ECF No. 30) is **STRICKEN**.

Plaintiff's Motion for Partial Summary Judgment (ECF No. 40) is **DENIED without prejudice to re-filing**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**